UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61647-CIV-ZLOCH

AARON DEMORE,

    Plaintiff,

vs.                                        **DEFAULT FINAL JUDGMENT**

KLONE ENTERPRISES,

    Defendant.

_____/

    THIS MATTER is before the Court upon Plaintiff's Motion For Default Final Judgment As To Damages (DE 56). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

    In this FLSA overtime case, the Court previously entered Default Final Judgment Re: Liability (DE 54) as to liability only in favor of Plaintiff Aaron DeMore and against Defendant Klone Enterprises. Plaintiff Aaron DeMore now moves for Default Final Judgment as to damages against Defendant Klone Enterprises. DE 56.

    In its Default Final Judgment Re: Liability (DE 54), the Court found the following facts admitted by virtue of Defendant Klone Enterprises' default: Defendant Klone Enterprises is covered by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), it employed Plaintiff Aaron DeMore, and it willfully failed to comply with the FLSA for one or more weeks by failing to pay Plaintiff overtime wages. By the instant Motion (DE 56), Plaintiff now requests damages and substantiates his request with his own

Affidavit (DE 56-1). That Affidavit states that Plaintiff was regularly compensated at a rate of $20.00 per hour. DE 56-1, ¶ 4. The Affidavit also states that Plaintiff worked 5.5 hours of overtime over the course of 100 weeks between June 2013 and June 2015, but was not paid any overtime for that work. DE 56-1, ¶ 9. Plaintiff is entitled to overtime compensation at a rate of $30.00 per hour. See 29 U.S.C. § 207(a)(1). Applying that rate to his unpaid overtime hours, Plaintiff is entitled to $16,500.00 in damages. Plaintiff is further entitled to $16,500.00 in liquidated damages for a total recovery of $33,000.00. See 29 U.S.C. § 216(b).

The Court notes that the instant Motion (DE 56) claims entitlement to "costs and reasonable attorney fees." But it does not explicitly seek as relief an award of attorney's fees. Nor does it state the amount of attorney's fees sought. It does not disclose the terms of any applicable fee agreement. And it is not verified. For these reasons, the Motion (DE 56) does not comport with Local Rule 7.3(a) and the Court will not construe it as a motion for attorney's fees and non-taxable costs. Nothing in this Order precludes Plaintiff from filing a motion for attorney's fees that comports with Local Rule 7.3.

Accordingly, after due consideration, it is

**ADJUDGED** as follows:

1. Plaintiff's Motion For Final Judgment By Default (DE 56) be

and the same is hereby **GRANTED**;

2. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Aaron DeMore and against Defendant Klone Enterprises upon the Complaint (DE 1) filed herein;

3. Plaintiff Aaron DeMore does have and recover from Defendant Klone Enterprises the sum of $33,000.00, together with interest thereon from the date of this Default Final Judgment at the rate of 1.22% per annum, for all of which let execution issue;

4. All pending Motions be and the same are hereby **DENIED** as moot; and

4. The Court will retain jurisdiction over the above-styled cause solely for the purpose of enforcing this Default Final Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___8th___ day of August, 2017.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record

Klone Enterprises
12496 Wiles Road
Coral Springs, FL 33076

3