```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 16-61647-CIV-ZLOCH
```

AARON DEMORE,

      Plaintiff,

vs.                                              **O R D E R**

KLONE ENTERPRISES, d/b/a
S&B AUTO TRANSPORT, et al.

      Defendants.

_____/

THIS MATTER is before the Court upon Plaintiff Aaron DeMore's Bill Of Costs (DE 63), which the Court construes as a Motion For Bill Of Costs, and Plaintiff Aaron DeMore's Motion For Attorney's Fees And Costs (DE 64). The Court has carefully reviewed said Motions, the entire Court file and is otherwise fully advised in the premises.

Following corporate Defendant Klone Enterprises's failure to retain counsel in the time prescribed by the Court's Order (DE 47), the Court entered Default Final Judgement in favor of Plaintiff Aaron DeMore (hereinafter "Plaintiff"), and against Defendant Klone Enterprises. See DE 54. By the instant Motions (DE Nos. 63 & 64), Plaintiff now moves for attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

While the award of attorney's fees is mandatory under FLSA, the Court has a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that

reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests).  The determination of exactly what fees to assess is vested in the sound discretion of the Court.  Further, it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees.  Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.  10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998).

To calculate a reasonable fee, the Court must utilize the "lodestar" method.  See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  In computing the lodestar, the first step is to determine the reasonable hourly rate.  A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).  The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). In the instant Motion (DE 64), Plaintiff requests an hourly rate of $375.00. In support of this hourly rate, the Affidavit of Kimberly A. Gilmore, Esq., states that Ms. Gilmore has been an attorney for over 32 years and that her primary focus is employment law. See DE 46-1. The Court, however, finds this to be an unreasonable hourly rate. As to Defendant Klone Enterprises, the above-styled cause was a straight-forward FLSA case that ended in a default being entered and which did not present any new or complex legal issues any different from the issues that are routinely presented in the numerous FLSA cases filed here in the Southern District of Florida. Accordingly, the Court finds $325.00 to be a reasonable hourly rate for Kimberly A. Gilmore, Esq.

The second step in calculating the lodestar is to determine the reasonable number of hours expended by Ms. Gilmore in the successful prosecution of the action. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed

3

evidence that will allow the Court to accurately determine the amount of fees awarded. Id. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

The Court has reviewed the itemization of legal services submitted by Plaintiff. See DE 64-2. Plaintiff seeks an award for a total of expended 50.8 hours expended by Kimberly A. Gilmore, Esq., in the successful prosecution of this action. The Court finds this to be an unreasonable number of hours for a case in which the only Defendant against which Plaintiff prevailed largely failed to participate and ultimately had default entered against it. The number of hours will be reduced to 30. Accordingly, the lodestar will thus be set at $9,750.00 ($325.00 x 30).

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Fair Labor Standards Act likewise mandates an award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). By his Bill Of Costs (DE 63), which the court construes as a Motion For Bill Of Costs, Plaintiff moves for a reimbursement of costs, which are documented in accordance with Local Rule 7.3. See S.D. Fla. L.R. 7.3(c). Plaintiff seeks an award of the following costs in his favor: (1)

4

$400.00 in filing fees; (2) $40.00 for service of process and subpoenas; and (3) $869.50 for transcripts.  The Court finds that each of these costs is reasonable and allowable under 28 U.S.C. § 1920.

Accordingly, after due consideration, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Aaron DeMore's Bill Of Costs DE (DE 63), which the Court construes as a Motion For Bill Of Costs, and Plaintiff Aaron DeMore's Motion For Attorney's Fees And Costs (DE 64) be and the same are hereby **GRANTED**;

2. Plaintiff Aaron DeMore, does have and recover from Defendant Klone Enterprises the sum of $9,750.00 in attorney's fees for all of which let execution issue; and

3. Plaintiff Aaron DeMore does have and recover from Defendant Klone Enterprises the sum of $1,309.50 in costs for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___13th___ day of April, 2018.

_____
WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record

Klone Enterprises
12496 Wiles Rd.
Coral Springs, FL 33076