UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 16-61647-CIV-GAYLES/HUNT

AARON DENMORE

    Plaintiff,

v.

KLONE ENTERPRISES,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Plaintiff's Motion to Enforce Judgment ("Motion"), ECF No. 67. The Honorable Darrin P. Gayles referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 69; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motion, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion, ECF No. 67, be GRANTED as set forth below.

## **BACKGROUND**

On July 12, 2016, Aaron Denmore ("Plaintiff") brought this action under the Fair Labor Standards Act ("FLSA") against Klone Enterprises ("Defendant"). ECF No. 1. The Court struck Defendant's answer and ordered entry of default against Defendant after Defendant failed to obtain counsel by the Court's deadlines. ECF Nos. 47, 50, 51. Next, the Court entered default final judgment as to liability against Defendant in favor of Plaintiff. ECF No. 54. On August 8, 2017, the Court then entered default final judgment as to damages in favor of Plaintiff against Defendant for the sum of $33,000.00, together

with interest from the date of the judgment at the rate of 1.22% per annum.  ECF No. 59.  Three years later, now pro se, Plaintiff has filed the Motion at issue.

## DISCUSSION

1. <u>Pro Se Motions</u>

The Federal Rules of Civil Procedure mandate that all "pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  This applies even more so in cases filed by pro se litigants, "whose filings are liberally construed and whose complaints, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Torres v. Miami-Dade Cnty.*, 734 Fed. App'x 688, 691 (11th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  In other words, this means that a federal court must sometimes "look beyond the labels used in a pro se party's [motion] and focus on the content and substance of the allegations." *See id.* (citing *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000)).  Looking beyond the label a pro se litigant attaches to a pleading may "avoid an unnecessary dismissal . . . avoid inappropriately stringent application of formal labeling requirements" and helps create "a better correspondence between the substance of a pro se [motion] and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003).

Here, focusing on the content of the pro se letter sent to Judge Zloch and the relief sought by Plaintiff, this Court interprets the pro se letter as a Motion to Enforce Judgment and for a Writ of Execution.

2. <u>Parties' Argument</u>

Plaintiff's Motion contends that he still has not been paid the sum of the judgment rendered by this Court together with interest.  Plaintiff accuses Mr. Colon, the alleged

2

debtor and president of Klone Enterprises, of running away from his obligation and of hiding assets and valuables. Plaintiff requests that this Court grant the Motion to Enforce Judgment and issue a Writ of Execution against Mr. Colon. This Court ordered Defendant to file a response to Plaintiff's Motion, and to date, no response has been filed. ECF No. 70.

2.    Analysis

Under Federal Rule of Civil Procedure 69(a), "[a] money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a). "Rule 69 controls the process for getting [a] judgment enforced in those cases where the defendant fails to pay a money judgment against it." *Nail v. Shipp*, No. 17-00195-KD-B, 2020 WL 3440940, at *2 (S.D. Ala. June 23, 2020) (citation omitted). Under the rule, the usual recourse is a writ of execution, which will be enforced using the local state practices for executing judgment. *Id.* Further, the plaintiff may use either federal or state discovery tools to locate the judgment debtors' assets. *Id.*

Here, the undersigned finds that a valid judgment was entered in favor of Plaintiff against Defendant and that Defendant has failed to pay the judgment. Accordingly, the undersigned recommends that Plaintiff's Motion be GRANTED to the extent that judgment should be enforced and that a Writ of Execution should be issued.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion to Enforce Judgment, ECF No. 67, be GRANTED to the extent that the judgment should be enforced and that a Writ of Execution should be issued.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 14th day of August 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Darrin P. Gayles
All Counsel of Record