UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 16-61647-CIV-GAYLES/HUNT

AARON DEMORE,

        Plaintiff,

v.

KLONE ENTERPRISES,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff Aaron Demore's Letter/Request for Writ of Garnishment and Request to File Documentation ("Motion"). ECF No. 88. The Honorable Darrin Gayles, United States District Judge, referred all post-judgment proceedings in this case to the undersigned United States Magistrate Judge. ECF No. 89; *see* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having reviewed the Motion and being otherwise fully advised in the premises, the undersigned RECOMMENDS that the Motion be DENIED.

## BACKGROUND

On July 12, 2016, Plaintiff Aaron Demore brought this action under the Fair Labor Standards Act ("FLSA") against Defendant Klone Enterprises.[1] ECF No. 1. Klone Enterprises, representing itself *pro se*, filed an answer. ECF No. 5. However, a corporation such as Klone Enterprises cannot appear in this Court *pro se,* so the Court

---

[1] Plaintiff also sued John and Dana Ganci. ECF No. 1. The Gancis previously won on summary judgment and are not involved in this post-judgment dispute. ECF No. 53.

struck Defendant's answer.  ECF No. 50.  The Court then ordered entry of default against Defendant after it failed to obtain counsel by the Court's deadlines.  ECF Nos. 47; 50; 51. Next, the Court entered default final judgment as to liability against Defendant in favor of Plaintiff, ECF No. 54, and on August 8, 2017, the Court entered judgment in favor of Plaintiff for the sum of $33,000.00, together with interest from the date of the judgment at the rate of 1.22% per annum,  ECF No. 59.

Three years later, Plaintiff filed a Motion to Enforce Judgment, which was granted. ECF Nos. 67; 71; 72.  Accordingly, the Clerk of Court issued a Writ of Execution on September 3, 2020.  ECF Nos. 73; 74.  Over the next few years, Plaintiff contacted chambers through letters and phone calls, requesting assistance in enforcing the judgment against Defendant and Dennis Colon, who Plaintiff represents is the President of Klone Enterprises.[2]  *See* ECF Nos. 76; 77; 87.  On April 14, 2025, Plaintiff filed a letter requesting "a Writ of Garnishment to be immediately executed against Mr. Colon's employer," which the undersigned construes as a Motion for Writ of Garnishment.  ECF No. 88.  Plaintiff also requested permission "to provide the documentation . . . for where Mr. Colon is presently working here in Florida."  *Id.*

## DISCUSSION

Chapter 77 of the Florida Statutes governs garnishment proceedings in Florida. *See* Fla. Stat. § 77.01 *et seq*.  Under Florida law, "a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment."  *Fresenius Vascular*

---

[2] The final judgment and Writ of Execution are against Defendant Klone Enterprises, not Dennis Colon.  *See* ECF Nos. 59; 74.  Dennis Colon is not Party to this action.  According to various pleadings, Mr. Colon previously hired and managed Plaintiff while serving as President of Klone Enterprises.  *See* ECF Nos. 32 at 2; 33 at 2; 66 at 1–2.

*Care, Inc. v. Vasudeva*, No. 8:21-CV-1474-VMC-JSS, 2023 WL 4947918, at *1 (M.D. Fla. Aug. 3, 2023).  "[T]o obtain a post-judgment writ of garnishment, 'the plaintiff . . . shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment.'"  *Orso as trustee to Bell v. Alexis*, No. 21-60251-CIV-SINGHAL/VALLE, 2022 WL 2340960, at *1 (S.D. Fla. May 9, 2022) (quoting Fla. Stat. § 77.03).  Additionally, "[p]ost-judgment writs of garnishment may be issued ex parte and without notice to the judgment debtor."  *Id.* at *2; *see also Ciserella v. Wildhawk Holdings, S.A.*, No. 212CV136FTMPAMDNF, 2014 WL 12993601, at *1 (M.D. Fla. Aug. 13, 2014) ("[I]t is unnecessary to hold a hearing or provide notice prior to issuing the writ.").

Assuming that Plaintiff's letter before the Court is intended to be a Motion for Writ of Garnishment, the undersigned recommends that it be denied for failure to comply with court procedure and filing requirements.  *Compare Caplan v. 101 Vapor & Smoke, LLC*, No. 18-23049-CIV-MOORE/BECERRA, 2020 WL 13645279, at *4 (S.D. Fla. Aug. 5, 2020) (finding writ of execution was valid because it complied with civil filing requirements), *with El v. Weldon*, No. 2:21-CV-513-WKW-CSC, 2021 WL 12149526, at *1 (M.D. Ala. Oct. 28, 2021) (denying motion that lacked case caption, title, or original signature because it "fails to comply with the most basic requirements of form for Court filings").

There are multiple errors with Plaintiff's filing.  The letter is not properly styled as a motion.  *See generally* S.D. Fla. L.R. 7.1.  It was also not filed in compliance with civil filing requirements.  *See* Section 7B of General Civil Case Filing Requirements, available at https://www.flsd.uscourts.gov/sites/flsd/files/Civil%20Filing%20Requirements.pdf (last visited Nov. 14, 2025).

To obtain a Writ of Garnishment, Plaintiff must file a Motion to Issue Writ of Garnishment that complies with the civil filing requirements, Federal Rules of Civil Procedure, and the Local Rules for the Southern District of Florida.  After such a motion is filed, the Clerk's Office shall verify relevant information and may issue the corresponding Writ of Garnishment.

Regarding Plaintiff's assertions that Dennis Colon may have changed employers or is relocating to a different State, *see* ECF No. 88, none of that information is properly before the Court.  If Plaintiff has relevant information as to a proposed garnishee, such as an updated address, Plaintiff shall include that information in his motion.  *See Fresenius Vascular Care, Inc.*, 2023 WL 4947918, at *2 (instructing Clerk of Court to issue writ of garnishment to addresses provided in supplement to motion).

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Letter/Request for Writ of Garnishment and Request for Leave to File Documentation, ECF No. 88, be DENIED without prejudice.

Should this Report and Recommendation be adopted, Plaintiff should be allowed to file a Motion to Issue Writ of Garnishment that complies with all procedures set forth in the General Civil Case Filing Requirements, Federal Rules of Civil Procedure, Local Rules for the Southern District of Florida, and Court orders.  Any such motion should be filed within thirty (30) days of the date of the Court's Order adopting this Report and Recommendation.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above

4

findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 17th day of November 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Darrin Gayles

Aaron Demore
8070 N. Nob Hill Road
#107
Tamarac, FL 33321